# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELMON H. DAVIS III, | Case No.: 1:18-cv-00607-JLT (PC) |
| Plaintiff, | SECOND SCREENING ORDER |
| v. | (Doc. 11) |
| DAVE DAVEY, et al., | |
| Defendants. | |

Relmon David III alleges that despite a new regulation permitting him to maintain certain items in his possession, the prison's Security Housing Unit property officer denied him this privilege and disposed of his items. Because Plaintiff fails to state any cognizable claims but may be able to do so, the Court GRANTS Plaintiff leave to file a second amended complaint.

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(b)(1)(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*. 901 F.2d 696, 699

(9th Cir. 1990). The Court must review Plaintiff's first amended complaint because it supersedes the previously filed complaint, which was dismissed with leave to amend. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II. Summary of the complaint

Plaintiff alleges that in January 2015, new regulations permitted inmates to keep certain items in the SHU, and Plaintiff requested to be permitted to keep those items. (Doc. 7 at 4) Plaintiff claims that in his request, he advised the SHU property manager of the new policy. (*Id.*) However, when his property was released in February 2015, the newly permitted items had been disposed of by SHU property manager M. Magana. (*Id.*) He claims the items thrown away include: food packets, hygiene products, clothing, books, glasses, a hat, shoes, t-shirts, chili peppers, legal documents, and personal artwork. (*See id.* at 4-7, 19)

Plaintiff states he completed the inmate grievance procedure but was unsuccessful in obtaining his items or substitutes for them. Attached to his complaint are his appeal documents which indicate prison officials offered plaintiff replacement items, but he refused to accept them and chose to continue his appeal. (*See* Doc. 7 at 12-15, 19-20) Ultimately, the prison staff rejected the appeals. (*Id.*) His claim to the Victim Compensation & Government Claim's Board was rejected as well. (*Id.* at 23-27)

## III. Pleading Requirements

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief..." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set

forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556–557.

While "plaintiffs [now] face a higher burden of pleading facts...," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard... applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. At 1949; *Moss*, 572 F.3d at 969.

### B. Linkage Requirement

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Thus, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

///
///

## IV. Discussion and Analysis

### A. Fourteenth Amendment Claim -- Due Process

Plaintiff has alleged that the disposal of his property violated his liberty interests and Due Process rights. (Doc. 7 at 4). A state may create liberty interests protected by the Due Process Clause through enacting prison regulations. *Sandin v. Conner*, 515 U.S. 472, 483–484 (1995). These interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted). Due Process claims pertaining to property interests are therefore analyzed distinctly from liberty interests. *See Davis v. Martel*, 481 Fed.Appx. 372, 373 (9th Cir. 2012); *Dennison v. Ryan*, 522 Fed.Appx. 414, 417 (9th Cir. 2013). Plaintiff's allegations pertain to a deprivation of property and not a limitation on freedom from restraint, and thus do not implicate a liberty interest.

Where a deprivation of property is "caused by conduct pursuant to established state procedure, rather than random and unauthorized action," an inmate's Fourteenth Amendment Due Process rights may be violated. *Hudson v. Palmer*, 468 U.S. 517, 532 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982)). However, an unauthorized deprivation of property, whether intentional or negligent, does not constitute a violation of the Due Process Clause if a meaningful postdeprivation remedy for the loss is available. *Hudson*, 468 U.S. at 533. "California Law provides an adequate postdeprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813, 816–817 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, there is generally no violation of the Due Process Clause resulting from unauthorized property deprivation in California prisons.

A deprivation of legal materials, however, can amount to a due process violation if the deprivation substantially frustrated efforts to appeal a conviction. *DeWitt v. Pail*, 366 F.2d 682, 686 (9th Cir. 1966); *see also Jones v. Lopez*, 68 Fed. App'x. 798, 799 (9th Cir. 2003) ("[a] prison official's destruction of legal materials could constitute a denial of meaningful access to the courts"). However, a "temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation. *Vigliotto v. Terry*, 873 F.2d 1201, 1202–1203 (9th Cir. 1989).

4

Plaintiff has failed to allege facts if accepted as true, that indicate that the alleged deprivation of property he suffered resulted from an action authorized by established state procedure. In a prior screening order, the Court instructed Plaintiff that an unauthorized deprivation of property, whether negligent or intentional, "does not violate the Due Process Clause 'if a meaningful postdeprivation remedy for the loss is available.'" (Doc. 6 at 3, citing *Hudson*, 468 U.S. at 533). Moreover, the Court instructed Plaintiff that "state law provides an adequate post-deprivation remedy, in the form of California's Government Claims Act." (*Id.*, citing *Barnett*, 31 F.3d at 816-817). Plaintiff appears to have responded to those instructions by alleging explicitly that "M. Magana ignored the newly [instated] property permittance [sic] and disposed of all of the items." (Doc. 7 at 6). Thus, Plaintiff has alleged the deprivation of his property was unauthorized by established state procedure.

Plaintiff has included additional information in the amended complaint regarding the legal documents he alleges the SHU property officer disposed of. (*Compare* Doc. 7 at 5 *with* Doc. 1 at 4). Notably, inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002).

In either instance, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.* at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. *Id.* at 354 (quotations and citations omitted). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355 (emphasis in original).

To assert a forward-looking access claim, the non-frivolous "underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a

defendant." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002). To state such a claim, the plaintiff must describe this "predicate claim ... well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id*. It is not enough for Plaintiff merely to conclude that the claim was non-frivolous. The complaint should instead "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Id*. at 417–418.

Moreover, when a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded to compensate him but that is not otherwise available in a future suit. *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir.2007) (citing *Christopher*, 536 U.S. at 413–414, overruled on other grounds, *Hust v. Phillips*, 555 U.S. 1150, 129 S.Ct. 1036 (2009) (reversed and remanded *Phillips v. Hust*, on qualified immunity grounds without change or discussion of elements of access to court claims)). Plaintiff fails to state any allegations to even suggest that he has lost an underlying protected claim because of the actions he alleges in this case, let alone link any such allegations to a specific individual named as a defendant in this action. Thus, Plaintiff failed to allege sufficient facts to support that the disposal of his legal documents constitute a denial of meaningful access to the courts.

### B. Supervisor Liability

From the allegations presented, it appears Warden Davey may have been named as a defendant because he holds a supervisory position. Generally, supervisory personnel are not liable under Section 1983 for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676. When a named defendant holds a supervisory position, the plaintiff must specifically allege a causal link between the supervisor and the claimed constitutional violation. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To show this, "a plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as sufficient causal connection is present and the plaintiff was deprived under color of law of a

federally secured right." *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991) (internal quotation marks omitted) (abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994)).

To state a claim for relief under this theory, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is the 'moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

"The requisite causal connection can be established... by setting in motion a series of acts by others," *id.* (alteration in original; internal quotation marks omitted), or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (internal alteration and quotation marks omitted).

Plaintiff fails to link Warden Davey to any factual allegations contained in his complaint and therefore, fails to state a claim with respect to the warden. In the screening order preceding Plaintiff's first amended complaint, Plaintiff was instructed that he must support "his claim with specific facts describing [each Defendant's] actions, omissions, or other conduct that gave rise to the alleged rights deprivation." (Doc. 6 at 3). Plaintiff appears to have substituted Warden Davey in this Amended complaint for a previously named defendant but has similarly failed to state any factual allegations describing Warden Davey's actions, omissions, or other unconstitutional conduct. Plaintiff is reminded that he must clearly identify which defendants he feels are responsible for each violation of his constitutional rights and their factual basis as his complaint must put each defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

Should Plaintiff choose to file a second amended complaint, he should not name Warden

Davey, or substitute another person in Warden Davey's place, unless he supports his claim with specific facts describing the defendant's actions, omissions, or other unlawful conduct giving rise to an alleged rights deprivation.

### C.     Claims Against Defendants Sued in Their Official Capacities

Plaintiff's complaint asserts that defendant M. Magana is sued in both an individual and official capacity. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 65 (1989). A suit against a state official in his or her official capacity is no different from a suit against the state itself. *Id.* at 71. Therefore, to the extent Plaintiff alleges a cause of action against M. Magana in an official capacity, he has failed to state a federal claim. It is unclear if Plaintiff's alleged cause of action with respect to Warden Davey was intended in an individual or official capacity. To the extent that Plaintiff has alleged a cause of action against Warden Davey in an official capacity, Plaintiff similarly fails to state a federal claim.

In the previous screening order, the Court instructed the plaintiff that § 1983 claims against state officials sued in their official capacities "must be dismissed." (Doc. 6 at 2). Plaintiff appears to have responded to this information by indicating that M. Magana is sued in both an individual and official capacity. (Doc. 7 at 3). Should Plaintiff choose to file an amended complaint, the Court reminds that he may not name state officials in their official capacities for claims under Section 1983.

### D.     Official Oppression Claim

Plaintiff alleges a claim of "official oppression" in his complaint. Official oppression is not a civil cause of action under section 1983 or California law. Accordingly, there is no sufficiently stated cause of action for official oppression in this case. Moreover, the Supreme Court has cautioned that, in cases where a court exercises supplemental jurisdiction over pendent state claims related to a federal claim, "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

To the extent that Plaintiff intended an official oppression state law claim, the Court would only exercise jurisdiction over the claim if Plaintiff had federal claims pending. Because Plaintiff has

8

failed to state a federal claim, the Court declines to exercise supplemental jurisdiction.[1]

**V.      Conclusion**

For the reasons set forth above, Plaintiff fails to state a cognizable claim in the first amended complaint. The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448–49 (9th Cir. 1987).

Plaintiff must demonstrate in any second amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). A second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under Section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo*, 423 U.S. 362; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson*, 588 F.2d at 743.

Plaintiff is further advised than an amended complaint supersedes the original and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220; *see also Lacey v. Maricopa County*, 693 F.d 896, 907 n.1 (9th Cir. 2012) (en banc). Plaintiff may not change the nature of this suit by adding new, unrelated claims in a second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, the Court **ORDERS**:

1. Plaintiff is **GRANTED** leave to file a second amended complaint;
2. The Clerk's Office **SHALL** send Plaintiff a civil rights complaint form; and
3. **Within 21 days** from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order or, in the alternative, file a notice of voluntary dismissal.

///
///
///
///

---

[1] Notably, rather than proceeding in this Court, the plaintiff could elect to proceed in state court on state law claims, provided his statute of limitations has not run.

9

**If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim**.

IT IS SO ORDERED.

    Dated: **July 13, 2018**                         **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE