UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELMON H. DAVIS III,<br><br>Plaintiff,<br><br>v.<br><br>DAVE DAVEY, et al.,<br><br>Defendants. | Case No.: 1:18-cv-00607-JLT (PC)<br><br>**ORDER TO ASSIGN DISTRICT JUDGE; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**(Doc. 12)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff has filed a second amended complaint alleging that despite a new regulation permitting him to maintain certain items in his possession, the prison's Security Housing Unit property officer denied him this privilege and disposed of his items. Because this is the third time that plaintiff has asserted this noncognizable claim, the Court will recommend that the pleading be dismissed without leave to amend.

**I.  Screening Requirement**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III. Plaintiff's Allegations

Plaintiff brings this action for conduct occurring while he was housed at California State Prison in Corcoran, California. He names as defendants Warden Davey, Lieutenant K. Dicks, Assistant Warden J. Vanderpool, Correctional Counselor P. Sanches, and SHU Property Officer M. Magana.

Plaintiff's allegations may be fairly summarized as follows:

Plaintiff alleges that M. Magana confiscated certain personal property that plaintiff claims he was permitted to keep, including personal artwork, food, and legal papers. He seeks compensation for

the loss of his personal property and punitive damages.

Plaintiff also asserts a new due process claim premised on conduct occurring in the context of a Rules Violation Report hearing. Plaintiff accuses the hearing officer K. Dicks of ignoring plaintiff's postponement request, and defendants Sanches and Vanderpool of ignoring this alleged due process violation when they ordered him to the SHU.

# IV. Discussion

## A. Fourteenth Amendment Due Process

Plaintiff repeats his claim that defendant Magana's disposal of plaintiff's personal property violates plaintiff's due process rights. This will be the Court's third time informing plaintiff that these allegations do not state a due process claim.

A state may create liberty interests protected by the Due Process Clause through enacting prison regulations. Sandin v. Conner, 515 U.S. 472, 483–484 (1995). These interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484 (citations omitted). Due Process claims pertaining to property interests are therefore analyzed distinctly from liberty interests. See Davis v. Martel, 481 Fed.Appx. 372, 373 (9th Cir. 2012); Dennison v. Ryan, 522 Fed. Appx. 414, 417 (9th Cir. 2013). Plaintiff's allegations pertain to a deprivation of property and not a limitation on freedom from restraint, and thus do not implicate a liberty interest.

Where a deprivation of property is "caused by conduct pursuant to established state procedure, rather than random and unauthorized action," an inmate's Fourteenth Amendment Due Process rights may be violated. Hudson v. Palmer, 468 U.S. 517, 532 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982)). However, an unauthorized deprivation of property, whether intentional or negligent, does not constitute a violation of the Due Process Clause if a meaningful postdeprivation remedy for the loss is available. Hudson, 468 U.S. at 533. "California Law provides an adequate postdeprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813, 816–817 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, there is generally no violation of the Due Process Clause resulting from unauthorized property deprivation in California prisons.

A deprivation of legal materials, however, can amount to a due process violation if the deprivation substantially frustrated efforts to appeal a conviction. DeWitt v. Pail, 366 F.2d 682, 686 (9th Cir. 1966); see also Jones v. Lopez, 68 Fed. App'x. 798, 799 (9th Cir. 2003) ("[a] prison official's destruction of legal materials could constitute a denial of meaningful access to the courts"). However, a "temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation. Vigliotto v. Terry, 873 F.2d 1201, 1202–1203 (9th Cir. 1989).

Plaintiff has once again failed to allege facts that, if accepted as true, indicate that the alleged deprivation of property he suffered resulted from an action authorized by established state procedure. In the two prior screening orders, the Court instructed plaintiff that an unauthorized deprivation of property, whether negligent or intentional, does not violate the Due Process Clause if there exists a "a meaningful postdeprivation remedy for the loss." The Court also instructed plaintiff that state law provides an adequate post-deprivation remedy in the form of California's Government Claims Act. Because it now appears that plaintiff is not able to allege new facts sufficient to state an adequate Fourteenth Amendment due process claim, the Court will recommend that this claim be dismissed without leave to amend.

### B. New Claim and Defendants

In addition to the foregoing, plaintiff's second amended complaint adds a new claim against several new defendants regarding an RVR hearing – this despite having been specifically informed in the last screening order that he may not change the nature of this suit by adding new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Accordingly, the Court declines to consider these new claims here. Plaintiff may reassert them by filing a new case.

## V. Conclusion

For the reasons set forth above, plaintiff fails to state a cognizable claim in the second amended complaint, and the Court finds that granting plaintiff leave to amend his complaint would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

It is therefore **ORDERED** that a district judge be assigned to this case; and

The Court **RECOMMENDS** that this case be dismissed with prejudice.

4

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. <u>See</u> Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

IT IS SO ORDERED.

Dated: **February 28, 2019**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE